IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MIKE WEAVER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO.  06-294-WS |
| v. | ) | |
| | ) | CRIMINAL ACTION NO. 05-0074-WS |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This matter is before the Court on the petitioner's motion to re-open the judgment of conviction. (Doc. 32).  The motion asserts that the petitioner requested his counsel to file a notice of appeal but that counsel did not do so, and the time for doing so is now long past. The purpose of the motion is to gain re-entry of judgment so as to allow the petitioner to take a direct appeal. *See generally United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000)(discussing the proper procedure for implementing an order allowing an out-of-time appeal from a criminal conviction).  The petitioner suggests that such relief may be granted pursuant to Federal Rule of Civil Procedure 60(b), (Doc. 32 at 10), but the rules of civil procedure are of course unavailable to obtain relief from a criminal judgment.  The Court thus construes the motion as one to vacate pursuant to 28 U.S.C. § 2255.  *See, e.g., United States v. Phillips*, 225 F.3d at 1199, 1201 (recognizing a motion to vacate as proper method of obtaining an out-of-time appeal based on counsel's failure to appeal).

The motion asserts that, immediately after sentence was imposed,  the petitioner "briefly expressed his great disappointment to Mr. Tiemann and unambiguously requested that the appeal mentioned by the judge be filed without delay."  (Doc. 32 at 3).  The motion asserts that "Mr. Tiemann advised the Petitioner the notice for [sic] appeal would be filed."  (*Id*.).  The motion indicates that the petitioner had no further communication with counsel before the appeal period expired and that sisters and a friend tried fruitlessly to contact counsel for months afterwards. (*Id*. at 3-6).   The petitioner asserts that counsel's conduct constitutes ineffective assistance of counsel.  (*Id*. at 6-8).

A claim of ineffective assistance of counsel requires both objectively unreasonable performance and prejudice to the petitioner from that deficient performance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. Moreover, "when counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *Id.* (internal quotes omitted). In other words, "[p]rejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005).

The same principles apply even when the petitioner, as here, has signed a partial appeal waiver. "If the evidence establishes ... that Petitioner's attorney acted contrary to his client's wishes, ... prejudice is presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver." *Gomez-Diaz v. United States*, 433 U.S. at 793.

The respondent suggests the petitioner's allegation that he requested counsel to appeal is incredible as a matter of law because: (1) counsel's contemporaneous notes, in contradiction to the affidavits of the petitioner's sisters and friend, reflect that he spoke to them several times after sentencing and that they did not mention an appeal; (2) the petitioner has not explained why he did not write counsel before March 2006, did not file a pro se notice of appeal, and did not on his own seek leave to pursue an out-of-time appeal; and (3) counsel had no reason not to file a notice of appeal had he been requested to do so. (Doc. 39 at 6-9). The respondent concludes that no evidentiary hearing can be required in these circumstances.

Counsel's notes, if as advertised,[1] would cast doubt on the credibility of the affiants as to their communications with him, but they do not address the key question: the content of any communications directly between counsel and the petitioner during the appeal period and especially immediately after sentencing. The respondent's remaining points may well go to credibility, but they are not of such overpowering import as to eliminate any issue as to

---

[1] The respondent has submitted counsel's summary of the notes, but not the notes themselves.

credibility and thus obviate an evidentiary hearing.[2]

Moreover, the respondent's argument overlooks that a failure to follow a request to file an appeal is not the only way in which counsel can render ineffective assistance.  Even if no request to appeal is made, counsel is obligated to consult with his client if there are either non-frivolous grounds for appeal or if the client has "reasonably demonstrated to counsel that he [i]s interested in appealing."  *Roe v. Flores-Ortega*, 528 U.S. at 479.  The petitioner asserts that counsel did not consult with him within the meaning of *Flores-Ortega*, and the Eleventh Circuit has acknowledged that an expression insufficient to constitute a request or direction to appeal may nevertheless show that the petitioner reasonably demonstrated to counsel an interest in appealing.  *Gomez-Diaz v. United States*, 433 F.3d at 792.  The respondent has not attempted to show either that there was no such expression of interest or that counsel fulfilled the consultation obligations attendant on such an expression of interest.

Because there is conflicting evidence as to whether the petitioner requested counsel to appeal (or whether he reasonably demonstrated to counsel his interest in appealing and counsel failed to satisfy his consultation obligations), the petitioner may obtain an evidentiary hearing to determine whether he is entitled to file an appeal.  However, the petitioner's plea agreement includes an appeal waiver that precludes any appeal of his sentence except in the case of:  (1) "Any punishment imposed in excess of the statutory maximum"; (2) "Any punishment that constitutes an upward departure from the guideline range; or (3) "A claim of ineffective assistance of counsel."  (Doc. 17 at 9-10).  This appeal waiver is valid,[3] and the petitioner has not

---

[2]Unnoted by the respondent, counsel's affidavit directly states that "Mr. Weaver never requested an appeal in person, by phone, or by mail." (Tiemann Affidavit, ¶ 2).  Counsel thus denies the petitioner's assertion, but this simply sets up a classic "he said/she said" conflict in the evidence; it does not require, or even allow, the Court to reject the petitioner's version as incredible as a matter of law.  *Gomez-Diaz* does not, as the respondent suggests, (Doc. 39 at 5, 9-10), reserve evidentiary hearings for when the respondent admits that discussions took place between the petitioner and counsel and the only question is their substance.

[3]"An appeal waiver is valid if a defendant enters into it knowingly and voluntarily." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).  "[I]n most circumstances, for a sentence appeal waiver to be knowing and voluntary, the district court must have specifically discussed the sentence appeal waiver with the defendant during the Rule 11 hearing." *United States v. Bushert*, 997 F.3d 1343, 1351 (11th Cir. 1993).  The waiver is knowing and voluntary if

identified any issue he could raise on appeal that would not be barred by the waiver.  While, under *Gomez-Diaz*, this does not preclude the petitioner from appealing should the Court credit his version of events, it does suggest the probable futility of any such appeal.  Accordingly, and given the disruption of his living situation that an evidentiary hearing would entail,[4] if the petitioner nevertheless continues to desire such a hearing he is **ordered** to file and serve, on or before **October 19, 2006**, a statement to that effect, failing which the Court will dispose of the pending motion without a hearing.

DONE and ORDERED this 28th day of September, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

the Court "specifically questioned [the petitioner] about the sentence appeal waiver during the plea colloquy, and [the petitioner] acknowledged that he understood that he was relinquishing his right to appeal his sentence except under limited circumstances." *United States v. Flint*, 156 Fed. Appx. 252, 257 (11th Cir. 2005).  The record reflects that the *Flint* requirements were satisfied in this case.  (Doc. 37 at 15-16).

[4]Among any other relevant considerations, holding an evidentiary hearing would remove the petitioner from his current place of incarceration with no guarantee of return to that facility or his present cell; would interrupt his participation in any drug treatment or other rehabilitation program, completion of which may be required in order to obtain a reduction in his sentence; and would require interim housing at various local jail facilities.