IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MIKE WEAVER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **CIVIL ACTION NO.  06-294-WS** |
| v. ) | |
| ) | **CRIMINAL ACTION NO. 05-0074-WS** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**ORDER**

This matter is before the Court on the petitioner's motion to re-open the judgment of conviction. (Doc. 32). By previous order, the Court construed the motion as a motion to vacate under 28 U.S.C. § 2255 for the purpose of obtaining an out-of-time appeal. (Doc. 40). The respondent disavows the need for an evidentiary hearing, (Doc. 39 at 10), and the petitioner declined the Court's opportunity to demand one. (Doc. 40 at 3-4). Accordingly, the Court proceeds to resolve the motion to vacate without a hearing.

The petitioner asserts that, immediately following the pronouncement of sentence, he requested counsel to file a notice of appeal, and counsel advised that he would do so. (Doc. 32 at 3). The respondent has submitted the affidavit of defense counsel, who asserts without elaboration that the petitioner "never requested an appeal in person, by phone, or by mail." (Doc. 39, Tiemann Affidavit, ¶ 2). Counsel neither produces nor refers to any written or other material to corroborate this assertion. Nor does counsel deny that, short of instructing him to appeal, the petitioner expressed an interest in appealing, and counsel does not indicate that he consulted with the petitioner concerning his client's wishes and the pros and cons of an appeal.

Even when a defendant has not specifically requested that an appeal be filed, his lawyer has an "affirmative duty to consult" with the defendant about appeal if "either (1) any rational defendant would want to appeal, or (2) his particular client reasonably

demonstrated an interest in appealing." *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005). Once the duty to consult arises, counsel must "consul[t] with the client regarding the advantages and disadvantages of appealing and ma[k]e a reasonable effort to determine the client's wishes." *Id*. Failure to fulfill this duty when it arises constitutes deficient performance as a matter of law. *Id*. Prejudice is shown if, "but for the attorney's deficient performance, [the defendant] would have appealed." *Id*. It is immaterial to this analysis whether the petitioner can identify any non-frivolous grounds for appeal, including any grounds not barred by a partial appeal waiver. *Id*. at 793-94. If deficient performance and prejudice are shown under this standard, the defendant is entitled to pursue an out-of-time appeal. *Id*. at 793.

As noted, defense counsel denies that the petitioner requested an appeal, but he does not deny that the petitioner reasonably expressed an interest in appealing, and the petitioner's version of events encompasses an expression of such interest immediately following the sentencing hearing. The Court thus concludes that counsel's consultation duty was triggered. Because there is no evidence that counsel fulfilled that duty, the Court concludes that it was not fulfilled.[1] Because the petitioner insists without contradiction that he at all times wanted to appeal and would have done so but for counsel's performance, (Doc. 32 at 2-4), the Court concludes that he has shown prejudice as well as deficient performance.

For the reasons set forth above, the petitioner's motion to vacate is **granted**. In compliance with *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), the criminal judgment imposed on September 6, 2005 and entered on September 27, 2005, (Doc. 30), is **vacated**. Judgment shall be re-entered by separate order in the criminal case for

---

[1] The petitioner addressed this duty of consultation, (Doc. 32 at 7), but the respondent did not, even after the Court pointed out its applicability. (Doc. 40 at 3).

the sole purpose of allowing the petitioner to pursue his otherwise untimely appeal.[2]  The petitioner is advised that he must file any notice of appeal from the re-entered judgment within the ten-day period provided by Federal Rule of Appellate Procedure 4(b)(1)(A)(I).  The petitioner is also advised that he has the right to appeal and that, if he cannot afford a lawyer, one will be appointed for him.  Pursuant to 18 U.S.C. § 3006A, Richard Shields is appointed as counsel for the petitioner for purposes of pursuing the petitioner's direct appeal.[3]

DONE and ORDERED this 22nd day of February, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] No re-sentencing hearing is required, *United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005), and none will be held.

[3] The petitioner's "successful motion to file an out-of-time notice of appeal is not to be counted as a first petition for the purposes of subsequent collateral proceedings." *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002).