IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MIKE WEAVER, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. 08-0313-WS |
| v. | ) |
| | ) CIM. ACTION NO. 05-0074-WS-M |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter is before the Court on the petitioner's motion to vacate. (Doc. 53). The Magistrate Judge has entered a report and recommendation ("R&R") concluding that the motion is due to be denied, (Doc. 59), and the petitioner has filed an objection. (Doc. 60).[1] After a careful consideration of the file and de novo review of those portions of the R&R to which objection is made, the Court concludes that the R&R is due to be adopted, with the additions set forth below, as the opinion of the Court and that the motion to vacate is due to be denied.

At sentencing following his guilty plea, the Court imposed a low-end guideline sentence of 78 months. The petitioner's first claim is that his trial counsel was ineffective in failing to argue that the Court improperly found two enhancements based on facts neither admitted by him nor found by the jury, in violation of the Sixth Amendment and *United States v. Booker*, 543 U.S. 220 (2005). (Doc. 54 at 3-4).

"The constitutional variety of *Booker* error occurs when, *under a sentencing guidelines system binding on the district court*, the judge imposes a sentence above that authorized by the facts found by the jury or admitted by the defendant." *United States v.*

---

[1] The Court has considered both the objection and the attached reply brief, which the petitioner represents was properly filed under the "mailbox rule" within the time allowed by the Magistrate Judge but which was not received by him.

*Houston*, 456 F.3d 1328, 1339 (11th Cir. 2006) (emphasis added).  As of January 12, 2005, with the release of *Booker*, the sentencing guideline system was no longer binding on district courts but merely advisory.  *E.g., United States v. Williams*, 527 F.3d 1235, 1248 (11th Cir. 2008).[2]  Because the petitioner was sentenced in September 2005, after *Booker* made the guideline system *not* binding on the district court, there could be no *Booker* constitutional error.[3]

"[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance" of counsel.  *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).  The petitioner's issue is patently nonmeritorious, and trial counsel's failure to raise it could not constitute ineffective assistance.

The petitioner executed a plea agreement that precluded him from appealing his sentence on any ground other than: (1) "[a]ny punishment imposed in excess of the statutory maximum"; (2) "[a]ny punishment that constitutes an upward departure from the guideline range"; or (3) "[a] claim of ineffective assistance of counsel."  (Doc. 17 at 10).  The only issues asserted by appellate counsel were that the Court erred in finding the two enhancements that raised the guideline range above what the petitioner expected it to be.  (Doc. 54 at 5).  Because these issues were precluded by the appeal waiver, the Eleventh

---

[2]The petitioner admits that "he was sentenced under the advisory guidelines."  (Doc. 60, Exhibit A at 7).  He expressly, repeatedly, and in detail articulated his understanding of this fact in his plea agreement.  (Doc. 17 at 3-4).

[3]After *Booker*, a court can still commit "statutory" *Booker* error by treating the guidelines as if they were still mandatory and considering itself bound to impose a guideline sentence.  *E.g., Houston*, 456 F.3d at 1339.  The petitioner does not allege statutory *Booker* error but only constitutional *Booker* error, repeatedly identifying his claim as being that the Court's findings on the enhancements "violated the Sixth Amendment."  (Doc. 53 at 4; Doc. 54 at 2, 3, 5; Doc. 60, Exhibit A at 6, 7, 8).  Even had the petitioner raised a statutory *Booker* claim it would fail, because the Court did not treat the guidelines as mandatory or consider itself bound to impose a guideline sentence.  Instead, the Court considered all the relevant facts and circumstances and concluded that a guideline sentence was appropriate.  (Doc. 38 at 51-52, 53).

Circuit granted the government's motion to dismiss the appeal. (Doc. 52). The petitioner's second claim is that appellate counsel was ineffective in failing to raise an issue not precluded by the appeal waiver. Specifically, he asserts that appellate counsel should have argued that the 78-month sentence: (1) exceeded the statutory maximum, which he identifies as the upper end of the guideline range (63 months) calculated without the two enhancements found by the Court rather than the jury; (2) was an upward departure from that guideline range; and (3) resulted from trial counsel's ineffective assistance in failing to press a Sixth Amendment argument. (Doc. 54 at 5).

As noted above, the Court patently committed no Sixth Amendment error, so trial counsel could not have been ineffective in failing to assert such an issue, and appellate counsel therefore could not have been ineffective in failing to argue that trial counsel was ineffective.

"Ordinarily and naturally, 'statutory maximum' ... refer[s] to the longest sentence that the statute which punishes a crime permits a court to impose, regardless of whether the actual sentence must be shortened in a particular case because of the principles involved in the *Apprendi/Booker* line of decisions." *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005). That is, the "statutory maximum" for purposes of the appeal waiver is the maximum term of incarceration the sentencing statute allows to be imposed for the crime of which the petitioner was convicted, not the maximum term that can be supported looking only to those facts established by a jury or admitted by the petitioner.[4] The maximum term of imprisonment allowed by statute for the crime of which the petitioner was convicted is 20 years, well above the 78 months he received. Any argument that the petitioner was sentenced above the statutory maximum would have been frivolous, and counsel cannot be ineffective for failing to assert a frivolous

---

[4]It is open to a petitioner to identify "some indication" that the parties did not intend to invest the term "statutory maximum" with the ordinary meaning assigned in *Rubbo*, *id*., but the petitioner has not attempted to do so.

argument.

The petitioner was sentenced within (and at the low end of) the guideline range as determined by the Court. The petitioner assumes the plea agreement allows him to appeal any sentence above the guideline range as determined by *him*, but it plainly does not. The plea agreement makes explicit that "determination of the ... guideline level ... is solely the discretion of the Court," (Doc. 17 at 4), so an "upward departure from the guideline range" necessarily means the guideline range as determined by the Court. The petitioner identifies no language in the plea agreement that could even possibly support any other conclusion. Moreover, the Eleventh Circuit dismissed the direct appeal on the grounds that the petitioner's challenges to the two enhancements were barred by the appeal waiver — a result it could not have reached if his 78-month sentence constituted an upward departure.[5] Any appeal invoking this exception to the appeal waiver would have been futile, and the failure to perform a futile act is not the stuff of ineffective assistance.

At any rate, a sentence above the statutory maximum or constituting an upward departure (if those terms could be defined as the petitioner wishes) is not itself an appellate issue but is merely a circumstance that would enable the petitioner to avoid the appeal waiver and present an appellate issue. The petitioner's only challenge to his 78-month sentence as being in excess of the statutory maximum or as constituting an upward departure is the Sixth Amendment issue which, as discussed above, is patently meritless.

Because the only challenge the petitioner says his appellate counsel should have raised did not fall under two of the three exceptions to the appeal waiver and was meritless under all three, counsel could not have been ineffective in not raising it.

After due and proper consideration of all portions of the file relevant to the issues raised, and a de novo determination of those portions of the R&R to which objection is

---

[5] By admitting that the appeal waiver "clearly waived" these challenges, (Doc. 54 at 5), the petitioner effectively admits that his sentence did not constitute an upward departure.

made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B), as supplemented by the foregoing material, is **adopted** as the opinion of the Court. The motion to vacate is **denied**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 15th day of September, 2008.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
